**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRIAN HOWEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **FEDERAL BUREAU OF** | ) |
| **INVESTIGATION,** | ) |
| 935 Pennsylvania Ave. NW | ) |
| Washington, D.C. 20535 | ) |
| | ) |
| **U.S. DEPARTMENT OF JUSTICE** | ) |
| 950 Pennsylvania Ave. NW | ) |
| Washington, D.C. 20530 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1. Plaintiff BRIAN HOWEY brings this suit to force Defendants FEDERAL BUREAU OF INVESTIGATION and U.S. DEPARTMENT OF JUSTICE to conduct a reasonable search, issue a determination, and produce records regarding case files related to the Defendants investigations into several law enforcement agencies in relation to suspected criminal activity by employees of those agencies.

## PARTIES

2. Plaintiff BRIAN HOWEY ("HOWEY") is the co-founder of The Bell Project, an investigative newsroom, and is the FOIA requester in this case.

3. Defendant FEDERAL BUREAU OF INVESTIGATION ("FBI") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. Defendant U.S. DEPARTMENT OF JUSTICE ("DOJ") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552. DOJ is the parent agency of FBI.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## OCTOBER 11, 2024 FOIA REQUEST TO FBI

7. On October 11, 2024, Plaintiff submitted the following FOIA request to FBI for the following records:

> I request copies of all memoranda contained within investigative case files maintained by the Federal Bureau of Investigation, regardless of whether the bureau created the records, pertaining to the bureau's prospective and executed investigations of the following incidents:
>
> 1. The June 9, 2007, arrest and unlawful use of force against Jimmy Dale Hunsucker, Jr., by then-Tippah County Sheriff's Department (MS) deputies William Rogers and Jeffery Rogers (aka Will and Jeff Rogers).
>
> 2. All other investigations of Tippah County Sheriff's Department (MS) deputies since Jan. 1, 1990, including but not limited to the bureau's investigation of the arrest and unlawful use of force against James Eugene Pannell by William and Jeffrey Rogers.
>
> 3. All investigations by the bureau of former Rankin County Sheriff's Department deputy Hunter Cook since Jan, 1, 2000
>
> 4. All other investigations by the bureau of the Rankin County Sheriff's Department (MS) or its deputies since Jan. 1, 1990, including but not limited to the bureau's investigation of the Jan. 24, 2023, unlawful arrest and use of force against Eddie Parker and Michael Jenkins and any other incidents involving the so-called "Goon Squad."
>
> 5. The July 8, 2004, unlawful detainment and uses of force against Lester Eugene Siler by then-Campbell County Sheriff's (TN) deputies William Carroll, Shayne Green, Samuel Franklin, Gerald Webber, Jr., Joshua Monday.
>
> 6. All other investigations by the bureau of the Campbell County Sheriff's Department (TN) or its deputies since Jan. 1, 1990.

> 7. The series of incidents in 2005, including in June, December, and on November 16th, during which Jones County (MS) deputies [Christopher] Smith, Roger Williams, Randall Parker and others used unlawful force against several local residents Marty Breazeale, Dennis Donald, and Robert Dean Cooley.
>
> 8. All other investigations by the bureau of the Jones County Sheriff's Department (MS) or its deputies since Jan. 1, 1990.
>
> 9. All investigations of former San Jacinto County (TX) Sheriff James Parker for his role in waterboarding and other mistreatment of San Jacinto County Jail inmates in the 1980s.
>
> I ask that you please include in your response but do not limit your search to the following types of records: memos, incident reports, interview transcripts and summaries, arrest reports, court records, case reports, all media including video, photos, contact sheets and audio, and records provided to the bureau by local and state law enforcement agencies as part of the investigation.
>
> Please conduct a search of the Central Records System, including but not limited to the Electronic Surveillance (ELSUR) Indices, the Microphone Surveillance (MISUR) Indices, the Physical Surveillance (FISUR) Indices, and the Technical Surveillance (TESUR) Indices.

8. A true and correct copy of an FBI email to Plaintiff stating the text portion of the FOIA request is attached as Exhibit 1.

9. On October 28, 2024, FBI acknowledged receipt of the FOIA request and assigned reference number 1650041-000 to the matter. In this acknowledgment FBI denied the request pursuant to FOIA exemptions (b)(6) and (b)(7)(c), stating "the mere acknowledgment of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy."

10. A true and correct copy of the acknowledgement letter is attached as Exhibit 2.

11. On December 27, 2024, Plaintiff requested Dispute Resolution stating that he is not requesting personnel or personal files related to private citizens or FBI employees; that instead he is requesting agency records related to FBI investigations into several incidents involving alleged

and proven civil rights violations by law enforcement officers; and that under federal law, records used to conduct agency business are generally considered to be public records under FOIA.

12. A true and correct copy of the Dispute Resolution request is attached as Exhibit 3.

13. In this Dispute Resolution request Plaintiff also highlighted that the FOIA request is for case files related to closed investigations into incidents that were publicized in both the media and public court records. *Id.*

14. The *Hunsucker v. Tippah County*, No. Civ. A. 3:10-cv-00008-MPM-DAS (N.D. Miss.), case and related investigations are closed.

15. The *Hunsucker*, case and related investigations have been publicized in the media on multiple occasions, including by Prison Legal News and in press releases on February 4, 2009 and May 1, 2009 by the Department of Justice.

16. Upon information and belief, the investigations into and cases against former Tippah County Sheriff's deputies William and Jeffrey Rogers are closed.

17. William Rogers died on January 17, 2025.

18. The investigations into and cases against former Tippah County Sheriff's deputies William and Jeffrey Rogers have been publicized in the media on multiple occasions, including from press releases on February 4, 2009 and May 1, 2009 by the Department of Justice.

19. Upon information and belief, the FBI does not have any pending investigations into Tippah County Sheriff's Department or its deputies.

20. The *Siler v. Campbell County*, 7CC1-2005-CV-205 (Cir. Campbell Cnty., No. 12792) case and related investigations are closed. *See generally Siler v. Scott*, 591 S.W.3d 84 (Tenn. Ct. App. 2019).

21. The *Siler* case and related investigations have been publicized in both the media and public court records on multiple occasions, including by 10News and Justia Law.

22. Upon information and belief, the FBI does not have any pending investigations into Campbell County Sheriff's Department or its deputies.

23. Upon information and belief, the Rankin County Goon Squad investigation is closed.

24. Upon information and belief, the Rankin County Goon Squad investigation has been publicized in the media on multiple occasions, including the New York Times, Picayune Item, and WDAM-TV.

25. Upon information and belief, the investigation into the Rankin County Sheriff's Department deputy Hunter Cook's arrest of Ryan Irwin is closed.

26. The investigation into the Rankin County Sheriff's Department deputy Hunter Cook's arrest of Ryan Irwin has been publicized in the media on multiple occasions, including by WLBT News and the New York Times.

27. The *Tyson v. Jones County*, No. Civ. A. 2:07cv75KS-MTP (S.D. Miss.) case and related investigations are closed.

28. The *Tyson* case and related investigations have been publicized in the media on multiple occasions, including by Picayune Item and WDAM-TV.

29. Upon information and belief, the investigations into and cases against Jones County deputies Christopher Smith, Roger Williams, Randall Parker and others use of unlawful force are closed.

30. The investigations into and cases against Jones County deputies Christopher Smith, Roger Williams, and Randall Parker have been publicized in the media on multiple occasions, including by Picayune Item, WDAM-TV, and the Department of Justice's press release on August 3, 2023 and on March 21, 2024.

31. Upon information and belief, the FBI does not have any pending investigations into the Jones County Sheriff's Department or its deputies.

32. The *United States v. Parker et al.*, criminal case from 1983 and related investigations are closed

33. The *Parker* criminal case from 1983 and related investigations have been publicized in both the media and public court records on multiple occasions, including by the New York Times and United Press International.

34. Upon information and belief, the FBI does not have any pending investigations into former San Jacinto County Sheriff James Cecil "Humpy" Parker for his role in waterboarding and other mistreatment of San Jacinto Jail inmates in the 1980s.

35. James Cecil Parker died on March 13, 1994.

36. Upon information and belief, the FBI does not have any pending investigations into San Jacinto County Sheriff's Department or its deputies.

37. Exemption 6 states "there is generally no expectation of privacy regarding information that is particularly well known or is widely available within the public domain." 5 U.S.C. § 552(b)(6).

38. On December 27, 2024, FBI's Public Information officer acknowledged receipt of Plaintiff's request for Dispute Resolution Services.

39. A true and correct copy of this acknowledgment letter is attached as Exhibit 4.

40. On December 31, 2024, FBI's Public Liaison determined FBI's response was appropriate and further action is not required, therefore it is unable to resolve the dispute. *Id.*

41. On January 10, 2025, Plaintiff administratively appealed the denial of the FOIA request, raising similar points made in his Dispute Resolution request, as well as noting that FBI

has published the exact type of files requested on its website in relation to other similar investigations by FBI.

42. A true and correct copy of the administrative appeal is attached as Exhibit 5.

43. On September 17, 2025, the Chief of Administrative Appeals remanded Plaintiff's request to FBI for further processing.

44. A true and correct copy of the remand letter is attached as Exhibit 6.

45. On May 5, 2026, FBI located approximately 3,776 pages, one hour and twenty-two minutes of audio media, and forty-four hours and fifty-two minutes of video media potentially responsive to the request, placing it on the extra-large processing track with an estimated completion timeline of seventy-nine months and invited Plaintiff to narrow the scope of the request.

46. A true and correct copy of the correspondence, along with subsequent correspondence, is attached as Exhibit 7.

47. On May 5, 2026, Plaintiff agreed to narrow the request asking for a copy of the original request and offered to discuss ways to narrow. *Id.*

48. On May 6, 2026, FBI provided a copy of the text portion of the request Plaintiff submitted. Ex. 1.

49. On May 6, 2026, Plaintiff asked to speak by phone or video call with someone at FBI to discuss narrowing the request. *Id.*

50. On May 8, 2026, FBI informed Plaintiff that FBI is limited on what it can discuss since the potentially responsive pages haven't been reviewed by a FOIA analyst and recommended four options to narrow the scope of the request. These options included reducing the scope by limiting to a specific date range within 1975 – 2023, to approximately 50 potentially responsive pages to move to the simple processing track, to approximately 250 potentially responsive pages

to move to the small processing track, or to approximately 500 potentially responsive pages to move to the medium processing track. *Id.*

51. On May 12, 2026, FBI followed up on the above message after not hearing back from Plaintiff. *Id.*

52. On May 15, 2026, Plaintiff removed part 9 of the request and limited the date range to 2000-2023, amending the request to state:

> All memoranda contained within investigative case files maintained by the Federal Bureau of Investigation, regardless of whether the
>
> bureau created the records, pertaining to the bureau's prospective and executed investigations of the following incidents:
>
> 1. All investigations into Tippah County Sheriff's Department (MS) and its deputies since January 1, 2000, including the June 9, 2007, arrest and unlawful use of force against Jimmy Dale Hunsucker, Jr., by then-Tippah County deputies William Rogers and Jeffery Rogers (aka Will and Jeff Roger
>
> s) and the incident involving Tippah deputies and James Eugene Pannell.
>
> 2. All investigations by the bureau of the Rankin County Sheriff's Department and its deputies since January 1, 2000, including the unlawful use of force of Eddie Parker and Michael Jenkins in January, 2023.
>
> 3. All investigations of the Campbell County Sheriff's Office (TN) and its deputies since January 1, 2000, including the July 8, 2004, unlawful detainment and uses of force against Lester Eugene Siler by then-deputies William Carroll, Shayne Green, Samuel Franklin, Gerald Webber, Jr., Joshua Monday.
>
> 4. All investigations of the Jones County Sheriff's Department (MS) and its deputies since January 1, 2000, including the series of incidents in 2005, including in June, December, and on November 16th, during which Jones County (MS) deputies Chistopher Smith, Roger Williams, Randall Parker and others used unlawful force against Marty Breazeale, Dennis Donald, and Robert Dean Cooley.
>
> I ask that you please include in your response but do not limit your search to the following types of records: memos, incident reports, interview transcripts and summaries, arrest reports, court records, case reports, all media including video, photos, contact sheets and

> audio, and records provided to the bureau by local and state law enforcement agencies as part of the investigation. Please conduct a search of the Central Records System, including but not limited to the Electronic Surveillance (ELSUR) Indices, the Microphone Surveillance (MISUR) Indices, the Physical Surveillance (FISUR) Indices, and the Technical Surveillance (TESUR) Indices. *Id.*

53. On May 18, 2026, FBI determined the amended request would have approximately 700 potentially responsive pages and would be on the large processing track. FBI inquired if Plaintiff would like to further reduce the scope of the request. *Id.*

54. On May 18, 2026, Plaintiff informed FBI he would consult with his team and should reply by the end of next week. *Id.*

55. On May 18, 2026, Plaintiff followed up asking if FBI releases records on a rolling basis. *Id.*

56. On May 18, 2026, FBI stated once the request gets assigned to a FOIA analyst to handle, then the analyst will review approximately 250 potentially responsive pages per month and then an interim release of responsive pages will be sent to the Plaintiff. *Id.*

57. On May 19, 2026, Plaintiff inquired about how long it would take to assign the request to a FOIA analyst and how long it would take for the analyst to begin reviewing potentially responsive pages. *Id.*

58. On May 19, 2026, FBI declared the current average time to process the request in its entirety within the extra-large track is at least 79 months and it is unable to determine when the request will be assigned out of the backlog queue to a FOIA analyst as requests are processed in the order in which they are received through FBI's multi-track system. *Id.*

59. On May 22, 2026, FBI followed up on its previous message. *Id.*

60. On May 22, 2026, Plaintiff replied he was still discussing with his team and anticipated responding early next week. *Id.*

61. On May 27, 2026, Plaintiff told FBI to proceed with the FOIA in its current form. *Id.*

62. On May 28, 2026, FBI acknowledged and confirmed it will proceed with the full request. *Id.*

63. On May 28, 2026, Plaintiff clarified he would like to proceed with the amended request submitted on May 15, 2026. *Id.*

64. FBI did not send any further correspondence to Plaintiff regarding this request.

65. As of the date of this filing, FBI has not issued a determination on Plaintiff's request.

66. As of the date of this filing, FBI has failed to make any responsive records promptly available to Plaintiff.

**COUNT I – FBI'S FOIA VIOLATION**

67. Paragraphs 1-66 are incorporated by reference.

68. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

69. Defendant FBI is a federal agency subject to FOIA.

70. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

71. Defendant FBI has failed to conduct a reasonable search for records responsive to the request.

72. Defendant FBI has failed to issue a determination within the statutory deadline.

73. Defendant FBI has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

i. declare that Defendants have violated FOIA;

ii. order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

iii. enjoin Defendants from withholding non-exempt public records under FOIA;

iv. award Plaintiff attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.

Dated: October 15, 2026

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
BRIAN HOWEY

Matthew Topic, D.C. Bar No. IL0037
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

Stephen Stich Match, D.C. Bar No. MA0044
LOEVY & LOEVY
222 Sutter Street, Suite 600A
San Francisco, CA 94108
(312) 243-5900
foia@loevy.com